JUDGE CONNER

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

07 CIV 8356

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 07-CV- |
| Plaintiff, | (_____) ECF CASE |
| v. | COMPLAINT |
| AKZ MANAGEMENT CORP. | JURY TRIAL DEMANDED |
| Defendant. | |

SEP 26 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Brian Freindlich and a class of similarly-situated non-Scientologist employees affected by such unlawful practices. As alleged with greater specificity below, the Equal Employment Opportunity Commission ("EEOC") charges that AKZ Management Corp. ("AKZ"), a medical management company, has unlawfully discriminated against Brian Freindlich and other non-Scientologist Practice Administrators, Practice Administrators-in-training, Office Managers, Salespeople, Physical Therapists, and Chiropractors (collectively, "the Claimants") based on religion by conditioning terms of their employment on their participation in Scientology-based training, and on their use of Scientology-based terminology. Thus, AKZ created a hostile work environment based on religion, Scientology, for non-Scientologist employees. EEOC further alleges that AKZ retaliated against Brian Freindlich when he refused to attend further Scientology-based training, and that AKZ caused the constructive discharge of a class of non-Scientologist employees.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant AKZ Management Corp. is and has been a corporation under the laws of the State of New York, has continuously been doing business, among other places, in the State of New York, City of White Plains, County of Westchester, and has continuously had at least 15 employees.

5. At all relevant times, Defendant AKZ Management Corp. has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Brian Freindlich filed a charge with the Commission alleging violations of Title VII by Defendant AKZ Management Corp. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  During the time period from approximately May 2002 through the present, Defendant engaged in unlawful employment practices in violation of Section 703, 704 and 706 of Title VII, 42 U.S.C. § 2000e-2, -3 and -5. These practices have included, but are not limited to, the following:

   a.  Defendant discriminated against Brian Freindlich based on religion, non-Scientologist, by conditioning his promotion and other advancement opportunities on his attending training in religious Scientology "technology," and by requiring him to attend religious training at a religious establishment, using religious texts;

   b.  In the context of the training described above, along with, *inter alia*, requiring the use of terminology that Freindlich understood to be part of the Scientology religion, meetings with AKZ management and through Freindlich's AKZ mailbox in AKZ's White Plains headquarters, Defendant subjected Freindlich to a hostile work environment based on religion by pressuring him to adopt the Scientology religion in his personal life, including but not limited to suggesting he be "audited," and by giving him written Scientology paraphernalia on subjects including but not limited to the dangers of electroshock therapy;

   c.  Defendant retaliated against Freindlich by terminating his employment because he protested the religious discrimination and hostile work environment and therefore became a "potential trouble source" or "suppressive person;"

3

    d.    Defendant discriminated against non-Scientologist employees other than Freindlich (the Claimants) based on religion, non-Scientologist, by conditioning their promotion and other advancement opportunities on their attending training in religious Scientology "techniques," and by requiring them to attend religious training at a religious establishment, using religious texts;

    e.    In the context of the training described above, along with, *inter alia*, requiring the use of terminology that the employees understood to be part of the Scientology religion and meetings with AKZ management in AKZ's White Plains headquarters, Defendant subjected the Claimants to a hostile work environment based on religion by pressuring them to adopt the Scientology religion in their personal lives, including but not limited to suggesting they be "audited," and by giving them written Scientology paraphernalia;

    f.    Defendant failed to prevent or remedy the hostile work environment;

    g.    Defendant's religious discrimination and hostile work environment caused the constructive discharge of a class of non-Scientologist employees.

10.    The effect of the practices complained of above has been to deprive Freindlich and other similarly-situated non-Scientologist employees of equal employment opportunities and otherwise adversely affect their status as employees because of their non-participation in the Scientology religion.

11.    The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Freindlich and the Claimants.

**PRAYER FOR RELIEF**

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of religion.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for non-Scientologist employees and which eradicate the effects of its unlawful employment practices.

C. Order Defendant to make Freindlich and the Claimants whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

D. Order Defendant to make Freindlich and the Claimants whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices, in amounts to be determined at trial.

E. Order Defendant to make Freindlich and the Claimants whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices, including pain, suffering and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Freindlich and the Claimants punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: New York, New York

    September  26  , 2007

                        EQUAL EMPLOYMENT OPPORTUNITY
                        COMMISSION

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
1801 L Street, N.W.
Washington, D.C.   20507

_____
Elizabeth Grossman
Regional Attorney

_____
Robert D. Rose
Supervisory Trial Attorney

_____
Raechel L. Adams
Senior Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, N.Y.   10004
(212) 336-3707
raechel.adams@eeoc.gov