*Conner, J*

# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br><br>Plaintiff, )<br><br>v. )<br><br>AKZ MANAGEMENT CORP. )<br><br>Defendant. ) | CIVIL ACTION NO. 07-CV-8356 (WCC/LMS) ECF CASE |

## CONSENT DECREE

This cause of action was instituted on or about September 26, 2007 by the Equal

Employment Opportunity Commission ("Commission" or "EEOC"), an agency of the United

States Government, alleging that AKZ Management Corp. ("AKZ") violated Title VII of the

Civil Rights Act of 1964, as amended ("Title VII"). In its Complaint, the EEOC alleged that

AKZ, a medical management company, has unlawfully discriminated against Brian Freindlich

and other non-Scientologist Practice Administrators, Practice Administrators-in-training, Office

Managers, Salespeople, Physical Therapists, and Chiropractors based on religion by conditioning

terms of their employment on their participation in Scientology-based training, and on their use

of Scientology-based terminology, and thus, EEOC alleged, AKZ created a hostile work

environment for non-Scientologist employees. EEOC further alleged that AKZ retaliated against

Brian Freindlich when he refused to attend further Scientology-based training, and that AKZ

caused the constructive discharge of other non-Scientologist employees.

AKZ denies each and every allegation of discrimination set forth above and in EEOC's

Complaint. No findings of any kind have been made by the Court.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

*COPIES MAILED TO COUNSEL OF RECORD* for AG
+ E-MAILED TO π COUNSEL

The parties hereto desire to settle this action and, therefore, do hereby stipulate and consent to the entry of this Decree as final and binding between the parties and their successors or assigns. The parties agree that it is in their mutual interest to resolve this matter fully without the costs, uncertainty, expense and delay of litigation.

This Decree resolves all matters related to the Civil Action 07-CV-8356 (WCC/LMS), now pending in the United States District Court for the Southern District of New York. The parties agree that this Decree may be entered into without additional Findings of Fact or Conclusions of Law being made and entered by the Court. No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing, approved by the parties to this Decree and approved or ordered by the Court.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, it is agreed and IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court has jurisdiction over the parties and the subject matter of this action. The parties agree that venue is proper and that all administrative prerequisites have been met.

2.      This Decree is final and binding between the parties signatory hereto and resolves all pending issues and claims alleged in EEOC's Complaint. Subject to the foregoing, this Decree in no way affects the EEOC's right to process any future charges that may be filed against Defendant in accordance with standard EEOC procedures, and to commence civil actions on any such charges.

3.      AKZ shall not engage in any employment practice that discriminates against or creates a hostile work environment for any employee on the basis of religion.

2

4.    AKZ shall not engage in retaliation of any kind against any person because of such person's opposition to discrimination against any employees based on religion, or because of filing a charge, testifying or participating in any manner in any investigation, proceeding or hearing relating to discrimination based on religion, or because an individual was identified as a possible witness for the EEOC, or because of any assertion of rights under this Decree.

5.    AKZ shall not request that any employee attend any training at any Church or Mission of Scientology, or any training undertaken in a religious context. Further, AKZ shall not require that any employee use terminology or techniques that are found exclusively in religious writings of L. Ron Hubbard.

6.    Defendant represents that it conducted more than four (4) hours of anti-discrimination training for all managerial and supervisory personnel in May 2007, using materials approved by EEOC. By June 1, 2008, AKZ's in-house counsel will provide four (4) hours of anti-discrimination training for all managerial and supervisory personnel, using materials approved by EEOC at least thirty (30) days before the training takes place. AKZ will forward to EEOC a copy of the attendance sheet within five (5) business days of the completion of such training.

7.    AKZ's in-house counsel will provide three (3) hours of anti-discrimination training using materials approved by EEOC for all non-managerial and non-supervisory personnel. AKZ will complete this training within sixty (60) days of the date of entry of this Decree, and will forward to EEOC a copy of the attendance sheet within five (5) business days of the completion of such training.

8.    AKZ will repeat the training described in paragraphs 6 and 7 above on an annual basis for the duration of this Decree. AKZ will forward to EEOC a copy of the attendance sheet for each training session within five (5) business days of the completion of such training.

9.    AKZ shall pay the total sum of $400,000 to a Claims Fund to be distributed to those who submit timely Claim Forms and whom EEOC determines to be eligible for relief under this Decree (see paragraphs 10-14 below) ("Claimants").

10.    Within ten (10) business days of the entry of this Decree, AKZ shall provide EEOC with the most recent name, address, and social security number of all Practice Administrators, Practice Administrators-in-training, Office Managers, Salespeople, Physical Therapists, and Chiropractors employed in all AKZ facilities between May 1, 2002 and the present ("Potential Claimants"). Within ten (10) business days of receipt of such information, EEOC shall send the Claim Form attached hereto as Exhibit A to all Potential Claimants. Within ten (10) business days of the entry of this Decree, AKZ shall also make the Claim Form available at its White Plains office.

11.    Potential Claimants shall have ninety (90) days from the date on Exhibit A to submit timely Claim Form responses to EEOC, except for good cause shown by the Potential Claimant.

12.    EEOC shall have sole discretion to determine the eligibility of Potential Claimants for relief under this Decree. Within fifteen (15) business days after the deadline for submitting timely Claim Form responses, EEOC may request in writing that AKZ provide EEOC with information such as dates, locations and positions of employment, co-workers, supervisors, salaries, training or courses taken, or the existence or copies of documents. Defendant shall provide the requested information to EEOC, or advise EEOC that it does not have or has been

4

unable, after reasonable diligence, to locate such information, within fifteen (15) business days

of the deadline for EEOC to make such requests in writing. AKZ shall have no obligation to

respond to requests for information from EEOC received prior to the deadline for submitting

timely Claim Form responses to EEOC, or after fifteen (15) business days after said deadline,

except that in the event that a Potential Claimant files a Claim Form more than fifteen (15)

business days after the deadline to do so, and EEOC determines that said Potential Claimant has

shown good cause for an otherwise untimely claim, as provided in paragraph 11, above, EEOC

may request the information referenced in this paragraph with respect to said Potential Claimant

within three (3) business days of its determination. In no event shall EEOC request any

information under this paragraph more than thirty (30) days after the deadline set forth in

paragraph 11, above.

13.　Upon determining the monetary awards to be distributed to Claimants, EEOC

shall prepare a Claimant List and provide it to Defendant. The Claimant List shall separately

specify the amounts of any back pay amount and any compensatory payment amount. EEOC

shall not accept any further Claims Forms after it has submitted the Claimant List to Defendant.

14.　EEOC shall have sole discretion to determine the monetary awards to be

distributed to Claimants. EEOC may calculate damages for harm beginning as early as the

commencement of a Claimant's employment.

15.　All Claimants shall be required to submit to EEOC an executed release of Title

VII claims based on religion (non-Scientologist), the form of which has been agreed to by the

parties, as a condition of receiving a monetary award under this Decree, which form shall be

provided to Claimants by EEOC. Defendant shall send a check from the Claims Fund to a

5

Claimant for his/her full monetary award amount, less withheld taxes, within five (5) business days of receiving a Claimant's executed release.

16.     A copy of each check payable to a Claimant shall be forwarded to Raechel L. Adams, Esq., Equal Employment Opportunity Commission, 33 Whitehall Street, 5th Floor, New York, NY 10004, immediately upon issuance of the check.

17.     In connection with the check issued to each Claimant, AKZ will issue an IRS form W2 in connection with each backpay damage amount and an IRS form 1099 in connection with each compensatory damage amount. AKZ will withhold appropriate taxes with respect to each backpay award, in accordance with the last-known IRS Form W4 supplied by the Claimant. Each Claimant shall be responsible for any taxes owed by him/her with respect to these payments.

18.     The parties shall bear their own attorney's fees and costs incurred in this action.

19.     Within five (5) business days of entry of this Decree, AKZ shall conspicuously post the "Notice of Settlement" attached hereto as Exhibit B in a location readily accessible to and commonly frequented by AKZ employees in each of its facilities. AKZ shall certify to EEOC within ten (10) business days of the entry of this Decree that the Notice has been properly posted.

20.     AKZ has adopted the anti-discrimination, anti-harassment, and anti-retaliation policies and complaint procedures attached hereto as Exhibit C for employees who believe that they have been subjected to those types of conduct. Within ten (10) business days of entry of this Decree, AKZ will distribute such policies and procedures to all employees.

21.     No party shall contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree. The EEOC shall have the right to monitor and review

compliance with this Decree, including but not limited to inspection of records and interviewing

witnesses and other employees, at reasonable times and places, and upon reasonable notice to

AKZ.

    22.    This Decree will remain in effect for four (4) years from the date of entry.


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By:_____
    Elizabeth Grossman (EG-2478)
    Regional Attorney
    Raechel L. Adams (RA-0460)
    Senior Trial Attorney

    New York District Office
    33 Whitehall Street, 5th Floor
    New York, New York 10004
    (212) 336-3707

SO ORDERED:

_____
U.S.D.J.


AKZ MANAGEMENT CORP.

By:_____
    Rabinowitz, Boudin, Standard,
    Krinsky & Lieberman, P.C.

    Eric M. Lieberman (EL-4822)
    David Goldstein (DG-8291)
    111 Broadway Suite 1102
    New York, New York 10006-1901
    212-254-1111


Dated : White Plains, NY
        Sept. 28, 2007

7

**EXHIBIT A**

## In the matter of EEOC v. AKZ Management Corp. (07-CV-_____)

### CLAIM FORM (DATED _____, 2007)

This form must be postmarked by _____ to be considered for an award.

**INSTRUCTIONS:**     You must answer each question to the best of your ability to be considered for a monetary award. Please do not leave any questions blank. Instead, indicate "don't know" or "N/A" (not applicable) where appropriate. Please give exact or approximate dates where requested. After you have completed this entire form, please **sign** and **date** the Certification section at the end of the Form. Please use the back of the form or submit additional pages as necessary when responding to the questions below.

Your answers to the questions below will be kept in strict confidence. We have provided explanations as to why certain otherwise private information is necessary or helpful in our assessing your claim.

**YOUR ANSWERS TO THE QUESTIONS ON THIS CLAIM FORM ARE MADE UNDER PENALTY OF PERJURY.**

1.    Name: _____

   Any other names used during your employment with AKZ Management Corp.:
   _____

2.    Social Security Number (necessary in case we need to locate you): _____

3.    Address: _____

   City: _____ State: _____ Zip Code: _____

4.    Religion(s): (necessary as directly tied to the claims made here) _____

5.    Sex: ☐ Male        ☐ Female

6.    Phone Numbers:

   Home _____    Work _____

   Cell _____    Pager _____

   Fax _____    Other _____

7.    Email Address: _____

8.    What is the best way to contact you? _____

9.    What is the best time of day to contact you? _____

10.    What are the best days to contact you? _____

11.    Emergency contact - Who can we contact if we are unable to reach you?

   Name: _____    Phone: _____

Address: _____

City: _____ State: _____ Zip Code: _____

Relationship to you: _____

### *General Information About Employment with AKZ Management Corp.*

12.    Please state your dates of employment with AKZ Management Corp.

      From:    ___/___/____        To:    ___/___/____
              Mo/Day/Year                Mo/Day/Year

13.    What position(s) did you hold during your employment with AKZ Management Corp.?

    (1)    Position/Title: _____

         Location:        _____

         Practice Administrator's Name:    _____

         Physician's Name:        _____

         Dates You Held Position:  From    _____  To:    _____

    (2)    Position/Title: _____

         Location:        _____

         Practice Administrator's Name:    _____

         Physician's Name:        _____

         Dates You Held Position:  From    _____  To:    _____

14.    If you are no longer employed with AKZ Management Corp., please list all reasons why.

    _____

    _____

    _____

15.    Indicate salary and benefits received through employment with AKZ Management Corp.:

    A.    Annual salary or hourly wage at time employment with AKZ Management Corp. ended:

    _____

    B.    Average number of hours worked per week: _____

    C.    Indicate average annual amount earned in bonuses or additional compensation:

    _____

D.      List any benefits you received from AKZ Management Corp., including 401K or retirement plan, life insurance or any other benefits (e.g., transit checks, payments for child care).  For each benefit, please indicate if you were required to make any contributions (e.g., via payroll deductions for health benefits).

_____

_____

_____

_____

16.     While you were employed at AKZ Management Corp., was it ever suggested or required that you attend training of any kind?

☐ Yes        ☐ No

17.     If you answered "Yes" to Question #16, please answer questions A-F below.

A.      How many times was it suggested that you attend training?

_____

B.      When was it suggested that you attend training?

_____

C.      For each suggestion that you attend training, what type of training was suggested?

_____

D.      For each suggestion that you attend training, who suggested that you attend (list name and position)?

_____

E.      For each suggestion that you attend training, what was your understanding as to where the training would take place?

_____

F.      For each suggestion that you attend training, what was your understanding as to why it was suggested?

_____

_____

18.     While you were employed at AKZ Management Corp., did you ever feel pressured to attend training that you understood to be part of the religion of Scientology?

☐ Yes        ☐ No

10

19.    If you answered "Yes" to Question #18, please answer questions A-F below.

    A.    Please describe the training you felt pressured to attend.

    B.    When/how often did you feel pressured to attend training that you understood to be part of the religion of Scientology?

    C    State who you felt pressured you to attend training that you understood to be part of the religion of Scientology? (name and position)

    D.    *Explain the circumstances in which you felt pressured to attend training that you understood to be part of the religion of Scientology.*

    E.    Explain any effect the pressure had on your ability to do your job.

    F.    Explain how the pressure made you feel.

20.    While you were employed at AKZ Management Corp., did you ever attend training that you understood to be part of the religion of Scientology?

    ☐ Yes    ☐ No

21.    If you answered "Yes" to Question #18, please answer questions A – E below.

    A.    Who was the trainer? (name and position)

B.     How many such training sessions did you attend?

_____

C.     What was the title or subject of each training that you attended?

_____

D.     Where was each training held? (Please state the geographic location, along with the type of facility.)

_____

E.     Describe what took place at the training.

_____

_____

_____

22.     While you were employed at AKZ Management Corp., did anyone ever give you any books, pamphlets or other written materials that you understood to be part of the religion of Scientology?

❏ Yes     ❏ No

23.     If you answered "Yes" to Question #18, please answer questions A – F below.

A.     List the titles or subjects of each book, pamphlet or other written materials.

_____

_____

B.     Who gave you each book, pamphlet or other written materials? (name and position)

_____

C.     Where were you when you were given the book, pamphlet or other written materials?

_____

D.     Were you given the book, pamphlet or other written materials during work hours?

_____

E.     Were you given the book, pamphlet or other written materials because you requested it?

_____

F.     Please provide, along with your claim form, copies of any materials you received.

24.     While you were employed at AKZ Management Corp., did anyone ever ask you to distribute any books, pamphlets or other written materials that you understood to be part of the religion of Scientology?

❏ Yes     ❏ No

25.     If you answered "Yes" to Question #18, please answer questions A – K below.

    A.    When/how often were you asked to distribute such books, pamphlets or other written materials?

    _____

    B.    List the titles or subjects of each book, pamphlet or other written materials.

    _____

    _____

    C.    Who gave you each book, pamphlet or other written materials?

    _____

    D.    Where were you when you were given the book, pamphlet or other written materials?

    _____

    E.    Were you given the book, pamphlet or other written materials during work hours?

    _____

    F.    To whom did you understand you were to distribute the book, pamphlet or other written materials? (staff, patients, family/friends, others)

    _____

    G.    Were you asked to charge money for the book, pamphlet or other written materials?

    _____

    H.    If so, how much?

    _____

    I.    To whom were you instructed to give the money?

    _____

    J.    Did you actually distribute any books, pamphlets or other written materials that you understood to be part of the religion of Scientology?

    _____

    K.    Please provide, along with your claim form, copies of any materials you received.

26.     While you were employed at AKZ Management Corp., did you attend any regular meetings at AKZ's office?

    ☐ Yes      ☐ No

27.     If you answered "Yes" to Question #18, please answer questions A – G below.

A.    What was the purpose of the meetings?

_____

B.    Who led the meetings? (name, position)

_____

C.    How often did you attend the meetings?

_____

D.    Was anything you understood to be related to Scientology discussed in any of the meetings?

_____

E.    If so, what was said and by whom?

_____

F.    If so, how often?

_____

G.    If so, how did you feel about the discussion?

_____

28.    While you were employed at AKZ Management Corp., did you experience any conduct that you considered offensive based on the fact that you do not adhere to the Scientology religion?

☐ Yes        ☐ No

29.    If you answered "Yes" to Question #16, please answer questions A – B below.

A.    Please describe the conduct, including where it occurred and approximate date or period of time. Please describe all incidents and be as specific and detailed as possible. Please list any witnesses to the conduct. For incidents of verbal conduct, please include specific statements to the best of your recollection.

_____

_____

_____

_____

_____

14

B.  Explain your reaction to the conduct, including how it made you feel.  (Please be as specific and detailed as possible.)

_____

_____

### Protests/Complaints Regarding the Offensive Conduct

30.  Did you protest, complain or in any other way inform anyone about the offensive conduct?

☐ Yes        ☐ No

31.  If your answer to question #19 is "Yes," please answer the following:

Incident: _____

Who Complained To: _____

Date of Incident: _____

Date of Complaint: _____

What You Said: _____

_____

Manager/Company's Response: _____

Did you document your protest/complaint in any way?      ☐ Yes  ☐ No

If the answer to the previous question is "Yes," please briefly describe the documents relating to your protest/complaint and provide copies as attachments to this Claim Form if you have them.

_____

_____

32.  If your answer to question #19 is "No," please explain why you did not protest/complain about the conduct:

_____

_____

33.  Did you complain about the offensive conduct to anyone outside of AKZ Management Corp.?  If so, please provide the following information:

Individual, Attorney, organization, agency complained to: _____

Exact or approximate date when complaint was made: _____

How did you complain (e.g., written, verbal, etc.)? _____

What did you complain about? _____ _____ _____ _____

_____

What was outcome of complaint (e.g., was it resolved? pending?) _____

How did that entity resolve the complaint (if applicable)? _____ _____

_____


***Retaliation Resulting from Protest/Complaint***

34.    Did anything negative happen to you at work that you believe was related to your protesting or making a complaint about conduct related to Scientology?

        ❑  Yes       ❑  No

35.    If you answered "yes" to Question #23 please answer questions A – D below.

    A.    Describe what negative things happened, including the individual(s) involved and approximate dates.

      _____

      _____

      _____

    B.    Do you believe the negative things happened because you protested/complained about the offensive conduct?

      ❑  Yes       ❑  No

    C.    If you answered "yes" to the previous question, please explain why you think the negative things were because you protested/complained about the offensive conduct.

      _____

      _____ _____    _____

    D.    If you were terminated by AKZ Management Corp., please indicate whether you believe that AKZ Management Corp. terminated you for complaining about the offensive conduct or for any other reason related to the conduct.

      _ _____

      _____


***Health Care Treatment as a Result of Offensive Conduct***

36.    Indicate whether you received treatment from any kind from any health care provider at least partially as a result of the offensive conduct at AKZ Management Corp., who treated the condition, the kind of treatment you received, and the frequency of visits.  Please indicate "N/A" if this section is not applicable.

Name of Health Care Provider _____

Indicate whether the health care provider is a physician, psychiatrist, psychologist, social worker, counselor, or other:

_____ .

Address: _____

_____

Tel. No.: (___)_____ No. of visits thus to provider: _____

Diagnosis: _____ Prescription: _____

Recommended treatment: _____

When started suffering from condition: _____

### *Job History Following Employment with AKZ Management Corp.*

(Please provide the information in this section although it may or may not be relevant depending on the nature of your claim)

37.    Provide your job history (including current employment) since your employment with AKZ Management Corp. (in chronological order).

1) Name of Employer: _____

Employer's Address:    _____    _____ ___

Dates Employed:  (From) _____  (To) _____  Your Position: _____

Annual salary or hourly wage:_____  No. of hours worked per week: _____

Reason for leaving: _____

2) Employer and Address: _____

_____

Dates Employed:  (From) _____  (To) _____  Your Position: _____

Hourly wage: _____  No. of hours worked per week: _____

Reason for leaving: _____

3) Employer and Address: _____  _____

_____

Dates Employed:  (From) _____  (To) _____  Your Position: _____

Hourly wage: _____   No. of hours worked per week: _____

Reason for leaving: _____

38.     After you left AKZ Management Corp., how long did it take you to find another job?  Please check where applicable, and fill in the blanks where appropriate.

☐     Already had another job when left AKZ Management Corp.

☐     Received unemployment benefits from _____until _____ (dates)

☐     Stayed unemployed (without unemployment benefits) until _____ (date)

☐     Found employment with _____on _____ (date)

☐     I am still unemployed

If you chose not to seek further employment after AKZ Management Corp., please explain why.

_____

_____

**Documents**

39.     Please enclose any documents, papers, notes, diaries, medical documents, etc., which you believe support or corroborate any of your answers on this form.  Please list those documents below.

_____

_____

**CERTIFICATION**

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _____  Date: _____

18

**BEFORE YOU MAIL YOUR CLAIM, PLEASE CHECK TO MAKE SURE YOU:**

☐    Provided an answered to EVERY question OR indicated "N/A" or "Don't Know"

☐    SIGNED your claim application

☐    Wrote today's DATE next to your signature

### PLEASE MAIL THIS FORM WITH APPROPRIATE POSTAGE TO:

**E.E.O.C. Legal Unit**
**AKZ Settlement**
**Attention: Raechel L. Adams**
**New York District Office**
**33 Whitehall Street, 5th Floor**
**New York, NY 10004**

**If you have any questions regarding this settlement or about the claims process, you may contact Raechel L. Adams at 212-336-3707 or raechel.adams@eeoc.gov.**

19

**EXHIBIT B**

<u>NOTICE TO AKZ MANAGEMENT CORP. EMPLOYEES</u>

This Notice is being posted pursuant to a Consent Decree entered in resolution of a lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against AKZ Management Corp. ("AKZ") in September 2007 in federal court in the Southern District of New York, alleging religious discrimination by AKZ. No findings have been made by the Court in this case. Federal law (Title VII of the Civil Rights Act of 1964, as amended) prohibits an employer from discriminating against its employees based on religion, including by conditioning terms of their employment on their participation in religious-based training, or on their use in the work place of terminology that is based on religion.

Under this Consent Decree, AKZ will not engage in any employment practice that discriminates against or creates a hostile work environment for any employee on the basis of religion. AKZ also will not engage in retaliation of any kind against any person because of such person's opposition to discrimination against any employees based on religion, or because of filing a charge, testifying or participating in any manner in any investigation, proceeding or hearing relating to discrimination based on religion, or because an individual was identified as a possible witness for the EEOC, or because of any assertion of rights under this Decree. Further, AKZ will not request that any employee attend any training at any Church or Mission of Scientology, or any training undertaken in a religious context. Finally, AKZ will not require that any employee use terminology or techniques that are found exclusively in religious writings of L. Ron Hubbard.

AKZ agrees to provide training in the next sixty (60) days to all non-managerial employees regarding their rights and responsibilities with respect to workplace discrimination.

AKZ has a policy against discrimination and harassment in the workplace. If you have a complaint of discrimination or harassment, you should report it as provided in the Employee Handbook, including by reporting it to AKZ's attorney:

        Victor B. Fama, Esq.
        914-328-8077
        vbfama@yahoo.com
        174 Grand St.
        White Plains, NY 10601

or you may report it directly to the Equal Employment Opportunity Commission. The EEOC maintains offices throughout the United States, including in New York, NY. Its New York District Office is located at:

        Equal Employment Opportunity Commission
        33 Whitehall Street, 5th Floor
        New York, NY 10004
        800-669-4000

This Notice will remain posted until September _____, 2011.


By: _____        Date: _____ 2007
     Mohsen Zargar, **TITLE**
     AKZ Management Corp.

**EXHIBIT C**

**ANTI-DISCRIMINATION AND ANTI-HARRASSMENT POLICIES**

1.  **PURPOSE:**

    This policy applies to all Employees as well as its volunteers and anyone providing services to us. We also will not tolerate sexual harassment by vendors, suppliers, and other non-employees to the extent that their conduct affect any employee.

2.  **GENERAL POLICY:**

    We are committed to creating a work environment where our employees are treated respectfully without regard to their race, sex, age, religion, national origin, color martial status, disability, or other potential characteristics. All of our employees are responsible, individually and collectively, for fostering respect and teamwork in the workplace and for complying with this policy prohibiting discrimination and harassment in all facets of our business.

3.  **DISCRIMINATION AND HARRASMENT PROHIBITED**

    Discrimination (that is, treating similarly situated persons differently) or harassment of any employee based on race, color, religion, sex national origin, age, disability, or other protected characteristic or activity (such as reporting harassment) is prohibited. Any conduct which purposefully discriminated or creates a hostile or difficult working environment for any employee because of that employee's race, sex, age or other protected characteristic or activity is prohibited. This prohibition against discrimination and harassment applies to all terms and conditions of employment, including but not limited to for example, hiring, placement, assignment of duties, training, promotion, termination compensation and benefits.

    **SEXUAL HARRASSMENT**

    Sexual harassment is expressly prohibited. Sexual harassment includes any form of unwelcome sexual advance, request for sexual favors or other verbal or physical conduct of a sexual or sex-based nature. Depending on the circumstance, these behaviors may include, but are not limited to: unwanted sexual advances, subtle or over pressure for sexual favors, sexual jokes, innuendos, advances or propositions, verbal abuse of a sexual nature, graphic commentary about individual's body sexual prowess or sexual deficiencies, leering, whistling, touching, pinching or assault, suggestive or obscene comments or gestures, display in the workplace of sexually suggestive objects or pictures, and other physical, verbal or visual conduct of a sexual nature. In addition, we absolutely prohibit any supervisor from granting or denying a promotion or causing any change in an employee's job status in order to force the employee to grant sexual favors (including, for example, dating) or punish the employee for refusing to do so. This is known as "quid pro quo" sexual harassment.

    Accordingly, this policy also prohibits any unwelcome conduct which:
    (1) Makes submission to sexual harassment an explicit or implicit term or condition of another person's work;
    (2) Bases any work related decision on an individual's acceptance or rejection of sexual harassment; or
    (3) Interferes with an individual's performance or creates an intimidating, hostile or offensive working environment.

21

We interpret our policy prohibiting harassment, including sexual harassment, broadly. We are responsible for understanding and abiding by our policy prohibiting discrimination and harassment and must refrain from any sexual conduct that might offend another employee or have a negative impact on that person's performance or working environment.

3. **PROCEDURE**
   **RESPONDING TO DISCRIMINATION OR HARRASSMENT**
   All employees must report discrimination and harassment immediately, in one of the following ways, even if it is directed at another person:

   a. **INFORMAL RESPONSE**
      We encourage individuals who believe they are being harassed or treated in a discriminatory manner promptly to advise the offender that his or her behavior is improper and request that it be discontinued. Although this action alone should and many times, will resolve the problem, no one is required to talk directly to anyone who may have breached this policy if that individual feels uncomfortable about doing do. Problems and concerns regarding discrimination or harassment may always be shared informally with the Office Manager, Administrator, Compliance Officer, or any other director or supervisor in the organization. Although we recognize that an employee may only wish to discuss the problem or concern regarding discrimination or harassment without filing a formal complaint, we may be required to conduct a formal investigation to ensure that our policy prohibiting discrimination or harassment is obeyed. Although the investigation is called "formal," confidentiality is always maintained to the maximum extent possible and only those with an absolute need to know are involved.

   b. **FORMAL RESPONSE**
      All perceived incidents of discrimination or harassment, regardless of the offender's identity or position, must be reported immediately. Individuals who believe they have been the victim of harassment or discrimination must report their concerns to the Administrator, external Compliance Officer, our attorney or any other director or supervisor with whom they are comfortable speaking. The External Compliance Officer can be reached at 914-328-8077. Concerns should be addressed to "Compliance Officer, 174 Grand St, White Plains, NY 10601. Any individual who prefers to share their concerns directly with the Physician Owner may also do so. You may also report your concerns to our attorney. The attorney's name is Victor B. Fama, Esq. His phone number is 914-328-8077, his address is 174 Grand St, White Plains, NY 10601 and his email address is vbfama@yahoo.com. Employees also may raise concerns about discrimination or harassment by filing a complaint under this Policy. Remember, employees are encouraged to discuss issues related to harassment or discrimination with any of these persons as soon as they occur, whether or not that discussion results in further investigation or the filing of a formal complaint. Employees who observe harassment, but are not the subject of the harassment, are also required to report their observations and concerns to any of the persons responsible for enforcing and administering this policy.

   c. **FORMAL INVESTIGATION:**
      All complaints of discrimination or harassment will be promptly and thoroughly investigated and treated as confidential to the extent practical

and consistent with a complete and through investigation. Complaints of harassment or discrimination are referred to our legal department for informational purposes. Our investigation will begin with a thorough interview of the person raising the complaint and may include a variety of other steps including interviews with other staff, review of documents, and other measures designed to elicit information relevant to the concerns raised in the complaint. At the conclusion of the investigation, the investigators will review the results of the investigation separately with the person who filed the complaint and with the alleged offender. Documents or other materials relating to the investigations are maintained in confidential files-separate from our personnel records.

## 4.    RESOLOVING THE COMPLAINT:

Once our confidential investigation of a complaint is complete, the investigator will report the results of the investigation to the Physician Owner, or if the Physician Owner is the individual accused of harassment to the legal department or Compliance Officer. The Physician Owner (or Compliance Officer) will review the investigation, determine whether any further investigation is required and determine the appropriate corrective action, if any, to be taken.

If the Physician Owner (or Compliance Officer) finds that our policy prohibiting discrimination or harassment has been violated the offender will be subject to appropriate corrective action which may include one or more of the following measures: verbal counseling, written reprimand and warning, referral to counseling or training, withholding of a promotion, compensation adjustment, reassignment, suspension (with or without pay), reduction in compensation, demotion or discharge. The Physician Owner (or Compliance Officer) also will determine what remedial measures, if any are appropriate and necessary to make the employee who has been harmed by harassment or discrimination whole. Such measures may include, but are not limited to: restoration of leave taken because of the harassment, expungement of negative evaluations, an apology by the harasser, reinstatement, and monitoring treatment of the employee to ensure that he or she is not subject to further harassment or retaliation. The person filing the complaint of discrimination or harassment will be informed of the disciplinary or corrective action taken by us. If it is concluded that no harassment or discrimination has occurred, that conclusion also will be communicated to the person who filed the complaint as well as each person that was the subject of the complaint.

## 5.    PROTECTION AGINST RETALIATION:

Retaliation of any kind against any individual who reports what he or she believes 1 good faith to be prohibited discrimination or harassment or who provides information relevant to a report of discrimination or harassment is strictly prohibited by this policy and will not be tolerated as it undermines the policies effectiveness. Acts of retaliation must be reported immediately and will be promptly investigated. Appropriate responsive action will be taken to correct acts of retaliation and to avoid any similar conduct in the future.